## Case No. 14,634.

### UNITED STATES v. BOYLAN.

[6 Int. Rev. Rec. 132.]

Circuit Court, S. D. New York. March 27, 1867.[1]

INTERNAL REVENUE TAX—MANUFACTURED ARTICLES.

[The provision of the internal revenue act of 1864 (section 96) exempting from taxation under such act manufactured goods the increased value of which through manufacture does not exceed the amount of 5 per cent. ad valorem, applies only where duties have previously been paid on the articles before manufacture.]

It is agreed that an amicable action in this form be entered in the said court, to be of the same effect as if the process had been regularly issued, been served, and so returned by the marshal; and that the following statement of facts be submitted for the opinion and judgment of the said court, to be of the same effect as if the same had been found by special verdict.

The defendant [James B. Boylan,] is a manufacturer of clothing in the Fourth collection district of the state of New York, and within this judicial district. On the tenth day of May, Anno Domini 1864, defendant entered into a contract with the United States to manufacture for the United States, and to deliver at certain times therein specified, to the proper officer thereof, a certain number of pairs of "cavalry pantaloons," of materials, dimensions, and workmanship, described in said contract; and to receive therefor from the United States the price of four dollars and fifty-two cents for each pair. Under said contract, defendant did so manufacture, and deliver during the month of October, A. D. 1864, eighteen hundred pairs of such "cavalry pantaloons," and did receive for them from the United States the said price. The said goods were manufactured of materials, the cash value of which, in the open market, at the said city of New York in the said month of October, A. D. 1864, was more than the price received by defendant for the said goods. But the cost of the process of manufacturing said cavalry pantaloons was more than five per cent. of the value of the pantaloons when manufactured. Defendant in his return of manufactures for the said month of October, A. D. 1864, under the internal revenue laws, made return of the said goods. The assessor of internal revenue for said district in due form assessed upon said goods an internal revenue tax of four hundred and six dollars and eighty cents, being five per centum ad valorem upon the price received by defendant for said goods, said assessor claiming to act under the 94th section of the excise law of June 30, A. D. 1864; and returned the said assessment to the collector of internal revenue for the said collection district of New York, to be by him collected from the said defendant for the use of the United States. For the said tax of four hundred and six dollars and eighty cents so assessed and so returned for collection this action is brought. If the court shall be of the opinion that the said assessment was made in accordance with the proper construction of the provisions of said act, then it is agreed that judgment shall be entered in favor of the United States, for the sum which shall be found to be due to the United States, from defendant. But if the court shall be of the opinion that the said assessment was not made in accordance with the proper construction of the provisions of said act, then it is agreed that judgment shall be entered for the defendant.

D. S. Dickenson,
U. S. District Attorney.
Southern District, N. Y.
Lewis & Cox,
Of Counsel for J. B. Boylan.

---

[1] [Affirmed in 10 Wall. (77 U. S.) 58.]

Lewis & Cox, for defendant.

Section 96 of the excise law of June 30, 1864 [13 Stat. 272], provides that when goods are manufactured from materials which have paid tax, and the increased value of the manufactures does not exceed five per centum ad valorem, they shall be exempt from duty. By section 86, and by all parallel provisions of the law, the basis of taxable value is that of actual sales, where a sale is made at the time the tax is levied. But where no sale is made at that time, as where goods are consumed by the manufacturer, or shipped to a foreign port for sale, the tax is levied on the basis of "the average of the market value of the like goods, wares, and merchandise at the time when the same became liable to duty." The taxable value of the manufactured goods in this case is the price obtained by actual sales: that is the contract price. The value of the materials for the purposes of this law is the average of the market value of the like materials at the time of these sales; and the "increased value," if any, is unquestionably the excess of the former over the latter. But since it is admitted that at the time when these goods "became liable to duty"—if liable at all—the materials were worth more in the market than the price received for the completed goods; the "increased value," therefore, does not exceed five per centum "ad valorem," and they are exempt. Had Mr. Boylan sold the materials in the market, instead of manufacturing and delivering them to the United States, he would have received more than he did receive. That is to say, by the process of manufacture he did not increase their value at all; and an increase of value by that process to the extent of more than five per centum is necessary to render the product taxable. But it is urged that "the defendant might have made a fair and even an enormous profit upon this transaction, and yet be allowed to obtain exemption." And in what would this profit consist? In the advance in value of materials held by him between the date of the contract and the delivery of the goods. The government desires to introduce a new element into the computation —that of time, and hold the defendant liable on the ground that the goods were increased in value, not by manufacturing them, but by the length of time during which he held them. Assuming this to be true, it could not render the goods taxable. If we suppose the tax itself levied on the increased value of any manufacture, no one would doubt that the increase of value by the process of manufacture is that which is to be taxed. The manufacturer might have held the materials for ten years, or forty: or might have obtained them by inheritance or by gift; still, the taxable increased value is the added value by the process of manufacture. In this case it is admitted that no value was added by this process. What has the tax claimed to do with any additions to their value made by other causes? Any application of such a principle as is here suggested by the government is quite impracticable. For example, let a dealer sell to-day two coats, precisely alike, the one made of cloth purchased recently at one dollar, the other of similar cloth purchased a year since at two dollars; the one would be taxable, the other exempt. Now government contractors must constantly deliver goods made thus at the same time and from similar materials, but the materials purchased at various times. Shall the liability to taxation depend on the accident of being made from one or another piece of precisely similar goods?

It is objected that the contract price, fixed in May, cannot be compared with the value of the materials in October. But we have nothing to do with the time at which the contract was made. Whether made in October, or May, or at any earlier time, it fixed the price, and at this price the goods were sold in October. The actual sale is the standard of the value, and nothing else can be substituted for it.

Does the government argue that the goods were sold in May? The argument implies it; yet nothing is better settled than that "an agreement to sell is not a sale; and therefore no mere promise to sell hereafter amounts to a present sale." 1 Pars. Cont. 528. No property can pass in that which does not exist; the law, therefore, holds that when goods are manufactured under contract the time of sale is the time of delivery and acceptance of the goods. In the present case, the materials used by defendant in October were his property, and had a recognized market value. He manufactured them for the government, and received for them a certain price, by "actual sales," this price being less than the value of the materials. Were the goods increased in value more than five per cent. by the manufacture? The counsel for the government has not attempted to lay down any other rule for determining the increased value, under section 96, than that upon which we claim exemption. No other method can be found which at once accords with legal principles and is susceptible of practical application. Shall the price of the manufactured goods be compared with the price of materials at the date of the contract? But the law fixes the time of sale, that is, of delivery, as the time at which the estimate shall be made. And shall a fact, the increase of value of goods by a certain person, be determined by figures arbitrarily agreed on months before? Or shall we assume that the contractor purchases his materials on the day on which he makes his contract? Contracts are constantly made for future delivery of goods at a price lower than the present value of the materials, in reliance on an intermediate decline. Shall all such contracts be exempted from taxation? The government, in order to avoid the exemption of these goods,

attempts an explanation of the intent of section 96, as connected exclusively with section 95, which provides for the taxation of certain manufactures only on their increased value. "When the tax is levied only on the increased value of the article, and that is of slight amount, it is manifest that there will be a limit within which the taxation will be burdensome to the consumer while it is not remunerative to government," remarks counsel for the United States, and infers that the 96th section was inserted for the purpose of meeting this case. Unfortunately for this argument, it is directly contradicted by the facts. Section 96 with its proviso, is a part of the original excise law of 1863 [12 Stat. 729], while section 95 was inserted into the law in July, 1864, after the proviso on which we rest had been for nearly a year in operation.

Finally, it is urged that the construction placed by the government on this section "is based on the actual cost of production of the article, which is the true and substantial basis of all commercial dealings, and the only foundation on which a revenue system can safely rest." We simply answer that by a familiar principle of political economy, the actual cost of production of an article never was, nor can be, the basis of commercial dealings; but the price determined by the relations of demand and supply. And still less can it be the foundation of a revenue system. By fixing a standard for taxation which is within the knowledge of no one but the tax-payer himself, it would open a wide door to fraud. It would tax most heavily those who, by mistake or accident were most burdened by the manufacture—that is those least able to bear it. And it would reverse the intent of an excise on manufactures, which is everywhere declared a tax, not on cost, but on the price obtained by actual sales. The increased value under section 96 is doubtless to be estimated, as the government urges, in the discretion of the court. But it must be estimated according to the intent of the law, and by some method at once reasonable and capable of practical application. There is but one such method possible; it is to deduct from the price received for the completed goods the market value of the materials at the time of delivery. This method alone is legal, and accords with the received principle of law—that the time of sale of goods made under contract is the time of delivery; and with the principle of the tax law—that the time of sale is the time at which values are to be estimated. This method alone is definite, affording a fixed standard, readily intelligible, and accessible in all commercial newspapers. It admits of no disguise, concealment, or fraud. This method alone is practicable. It avoids the necessity of tracking out, by the evidence of interested parties, the dates of contracts, the actual cost of different lots of materials and other accidents

of business. This method alone is just. The exemption turns upon the increased value of the goods by the process of manufacture, not their increased value by time. And to obtain this we must compare the value of the completed article with the value of its material at the same time. It is, therefore, respectfully claimed that the goods in question are exempt from taxation, and that judgment should be entered for the defendant.

NELSON, Circuit Justice. The defendant, a manufacturer of clothing, on the 10th May, 1864, entered into a contract with the government to make a certain number of cavalry pantaloons, and was to receive for the same $4.52 for each pair. Under this contract the defendant made and delivered in the month of October following 1,800 pairs, and was paid for the same. The internal revenue act of 1864 (section 94) imposes a duty on ready made clothing &c., a tax of 5 per cent. ad valorem. This suit is brought to recover the tax on these articles, assessed to the amount of $406.80.

It is admitted that the clothing was made out of materials of which, in the month of October, when the pantaloons were delivered, the market value exceeded the price paid by the government, but the cost of manufacture was more than 5 per cent. of the value of the pantaloons when manufactured. The tax imposed was 5 per cent. on the price received by the defendant for the goods. The 96th section of the act, among other things, provides, "all goods, wares and merchandize, and articles made or manufactured from materials which have been subject to, and upon which internal duties have been actually paid; or materials imported upon which no duties have been paid or upon which no duties have been imposed by law, where the increased value of such goods and articles so manufactured, shall not exceed the amount of 5 per cent. ad valorem, shall be exempt from duty." It is insisted on the part of the defendant that this clause in the section exempts the articles in question from duty. But, on looking at the clause, it will be seen, that the defendant has not brought himself within it. The manufactured goods or clothing, there referred to and exempt, must be made out of materials which have already paid the internal duty, or be imported, and upon which duties have been paid, or which have been imported exempt from duty. It is in respect to clothing made or manufactured out of goods of this character, and in this condition, when, if the increased value shall not exceed 5 per cent. the exemption duty is permitted. On this ground, alone, we think the plaintiffs are entitled to recover. We are also inclined to think, on the theory of the defendant, that he should have proved the cost of the material to him, and not relied on the market value at the time of

the delivery of the clothing. Judgment for plaintiffs for $406.80 with interest.

[Affirmed by the supreme court. 10 Wall. (77 U. S.) 58.]